**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VISION MAKERS, INC., a Pennsylvania corporation; NAJJAA BEN ABDULLAH MUHAMMAD, also known as HENRY R. HANEY, an individual; and THE HONORABLE PETER F. ROGERS (RET.), an individual, | : : : : : : : : | **CIVIL ACTION NO. 2:20-cv-6224** |
| Plaintiffs, | : : | **JURY TRIAL DEMANDED** |
| v. | : : | |
| WALMART INC., a Delaware corporation; and DOES 1-10, inclusive, | : : : : | |
| Defendants. | : : : | |

Plaintiffs Vision Makers, Inc., Henry R. Haney, and Peter F. Rogers, through the undersigned counsel, allege the following against the Defendants named herein:

**<u>INTRODUCTION</u>**

1.  This matter concerns the blatant appropriation and infringement of an extraordinary copyrighted lithograph of the great boxer and humanitarian Muhammad Ali.

2.  Plaintiffs, independent Black photographers who developed a personal relationship with Ali in the 1970s, created their copyrighted lithograph with Ali's blessing, using their personally authorized photo of Ali taken shortly before his 1980 fight with Larry Holmes.

3.  Defendant Walmart Inc., independently and through its recent acquiree Art.com, Inc., brazenly claimed this image and lithograph as its own; disregarded Plaintiffs' ownership of the image; and sold and displayed the lithograph over the internet.

4.  Despite being put on notice by Plaintiffs in 2018, and repeatedly thereafter, Walmart and

Art.com persisted with this wrongful conduct.  Walmart continued to include Plaintiffs' lithograph on its websites, all the while ignoring the fact that Plaintiffs had created and copyrighted the work that they claimed as their own.

5.   Plaintiffs therefore have no choice but to bring this action seeking redress for the willful and offensive conduct of Walmart and Art.com.

## JURISDICTION AND VENUE

6.   The Court has subject matter jurisdiction over this action for the infringement of a United States copyright pursuant to 17 U.S.C. § 501 *et seq*. and 28 U.S.C. §§ 1331 and 1338(a).

7.   The Court has personal jurisdiction over Defendant Walmart Inc. because, on information and belief, Defendant qualifies as a foreign corporation under the laws of the Commonwealth of Pennsylvania, 42 Pa.C.S. § 5301(a)(2)(i). In addition, Walmart regularly conducts business in Pennsylvania and in this District by, *inter alia*, selling and licensing products throughout the Commonwealth of Pennsylvania.  Further, the wrongful conduct at issue, which constitutes copyright infringement, has occurred in this District and has caused Plaintiffs to suffer harm in this District.

8.   Venue in this district is proper pursuant to 28 U.S.C. §§ 1391 because, *inter alia*, Defendant Walmart is doing business in this District, and Defendant's acts or omissions giving rise to this lawsuit, as well as substantial injury to Plaintiffs, have occurred and will continue to occur in interstate commerce, in the Commonwealth of Pennsylvania, and in this District.  Venue is also proper pursuant to 28 U.S.C. § 1400(a) because, *inter alia*, Defendant resides in and/or can be found in this District.

**PARTIES**

9.  Vision Makers, Inc. ("Vision Makers") is a Pennsylvania corporation with its principal place of business at 715 Yale Road, Bala Cynwyd, Pennsylvania 19004.

10. Henry R. Haney ("Haney") and Peter F. Rogers ("Rogers") are individuals domiciled in Maryland and Florida, respectively. Haney and Rogers are, and have always been, Vision Makers' sole shareholders.  Vision Makers, Haney and Rogers are referred to collectively herein as "Plaintiffs."

11. Walmart Inc. is a Delaware corporation with its principal place of business at 702 Southwest 8th Street, Bentonville, Arkansas 72716 ("Walmart").

12. In or about February 2019, Walmart acquired all assets and United States operations of Art.com, Inc. ("Art.com"), and is liable for the prior conduct of Art.com, Inc. as alleged herein. Walmart has been and continues to operate as a continuation of Art.com, Inc.

13. Plaintiffs are unaware of the true names and capacities of Does 1 through 10, and therefore sue these defendants by these fictitious names.  Plaintiffs will amend this complaint to allege the Doe Defendants' true names and capacities when they become known to Plaintiffs.

14. On information and belief, in performing the acts or omissions described in this Complaint, Defendant Walmart Inc. and Does 1 through 10 (collectively, "Defendants") were acting as the principal, representative, agent, employee or alter ego of each other and were acting within the scope of such agency or employment to commit the acts alleged herein.  Each Defendant sued herein aided and abetted the other with the intent that each would be successful in their mutual endeavors.  Each Defendant contributed to Plaintiffs' damages and the statutory violations alleged herein.

## **ALLEGATIONS**

### **Plaintiffs' Creation, Copyrighting, and Distribution of the Ali Copyrighted Lithograph Poster**

15. During the 1980s, Plaintiffs Rogers and Haney became acquainted with the famed boxer, activist, and philanthropist Muhammad Ali ("Ali"). Plaintiffs Rogers and Haney were frequent visitors to Ali's Deer Lake training camp in the Pocono Mountains and, after developing a friendship with Ali, were permitted to photograph Ali during his training sessions. Plaintiff Haney was, and is, a professional photographer and videographer.

16. On October 1, 1980, Plaintiff Haney was an invited guest inside Muhammad Ali's Caesar's Palace Suite during an ABC worldwide televised prefight interview conducted from New York by Ted Koppel. Plaintiff Haney captured a still photograph of Ali within the confines of Ali's Suite during the referenced broadcast ("the Subject Photograph"). In the Subject Photograph, Ali is holding up four fingers, signifying his intention to defeat Holmes and capture the Heavyweight crown for an unprecedented fourth time. (Neither came to fruition: Ali lost the fight, and fought one more time before retiring.)

17. Plaintiffs Haney and Rogers featured this Subject Photograph in an originally created and designed lithographic poster (the "Copyrighted Lithographic Poster"). The Copyrighted Lithographic Poster contains at least five original component parts: (1) the Subject Photograph; (2) the title, namely "ALI" repeated six times in blue block letters of increasing size, overlaying the Subject Photograph; (3) the quote "I SHALL RETURN" beneath the Subject Photograph; (4) sixty boxing gloves with each glove signifying one of Ali's fights and detailing the opponent, date, location, and result; and (5) a legend explaining that the gold-colored gloves marked with an asterisk signify a championship fight.  An image of the Copyrighted Lithographic Poster is attached hereto as Exhibit A.

4

18. On Wednesday, November 12, 1980, Plaintiff Rogers flew to Los Angeles, California and was received as an invited guest to Muhammad Ali's then Hancock Park residence.  Plaintiff Rogers, on behalf of himself and Plaintiff Haney, obtained Ali's permission in a signed writing to use the October 1, 1980 photograph captured by Plaintiff Haney together with Ali's name in connection with the Copyrighted Lithographic Poster, and the right to sell the Copyrighted Lithographic Poster in the United States and internationally. In 1980, Plaintiff Rogers was a licensed Pennsylvania attorney and on December 31, 2015, retired during his second ten-year commission as a judge on the Philadelphia Court of Common Pleas.  Currently, Plaintiff Rogers is a professional fine arts photographer.

19. In December 1980, Plaintiffs Haney and Rogers applied to obtain copyright registration for the Copyrighted Lithographic Poster, as joint authors, on behalf of Vision Makers, Inc., a Pennsylvania corporation of which Haney and Rogers have at all times been the sole shareholders.

20. Plaintiffs Haney and Rogers, on behalf of Vision Makers, own the copyright in the Copyrighted Lithographic Poster, entitled "ALI ALI ALI ALI ALI ALI," which was registered with the United States Copyright Office on December 8, 1980 with the Registration Number VA 63-797. Plaintiffs are the sole owners of the exclusive rights in the Copyrighted Lithographic Poster.  A true and correct copy of the Certificate of Copyright Registration at issue in this case is attached hereto as Exhibit B.

21. During the 1980s, Plaintiffs offered for sale and sold the Copyrighted Lithographic Poster. The Copyrighted Lithographic Poster also contains a copyright registration notice, indicating the year of registration (1980), identifying Vision Makers, Inc., and listing an address for Vision Makers, Inc. in Pennsylvania.

22. Plaintiffs are not currently offering for sale or selling the Copyrighted Lithographic Poster.

**<u>Defendants' Unauthorized Use, Display, Reproduction, and Sale
of the Copyrighted Lithograph Poster</u>**

23. On or about July 30, 2018, Plaintiffs discovered that Art.com was using, displaying, reproducing, distributing, and selling the Copyrighted Lithographic Poster for commercial purposes and without Plaintiffs' permission.

24. On or about July 30, 2018, Art.com was displaying and offering for sale the Copyrighted Lithographic Poster on its websites including Art.com, AllPosters.com, and WorkspaceArt.com. Screenshots from those websites showing the Copyrighted Lithographic Poster embedded therein are attached hereto as Exhibit C.

25. In or around November 2018, Plaintiffs confronted Art.com regarding its blatant infringement of Plaintiffs' copyright.

26. On information and belief, Art.com nevertheless continued to use, display, reproduce and distribute the Copyrighted Lithographic Poster on and through these and other websites. In addition, Art.com's conduct caused Plaintiffs' copyrighted work to be displayed on Pinterest. Screenshots capturing this continuing infringement are attached hereto as Exhibit D.

27. Plaintiffs informed Art.com of its continuing infringement again in January 2019.  Yet, on information and belief, Walmart, after acquiring Art.com, continued to use, display, reproduce, and distribute the Copyrighted Lithographic Poster on and through its various websites. A December 9, 2019 screen shot offering the Copyrighted Lithographic Poster for sale on Walmart.com is attached hereto as Exhibit E. Indeed, as recently as August 26, 2020, a search via Google Images returned Walmart-created images of the Copyrighted Lithographic Poster. This image is attached hereto as Exhibit F.

28. Plaintiffs never consented to or authorized Defendants' use or continued use, display, reproduction, distribution, or sale of the Copyrighted Lithographic Poster.

6

## COUNT ONE

### (Copyright Infringement, 17 U.S.C. § 501 *et seq.*)

29. Paragraphs 1 through 28 are incorporated by reference as if set forth in full.

30. The Copyrighted Lithographic Poster is an original pictorial or graphic work and constitutes copyrightable subject matter under 17 U.S.C. §§ 101 and 102.

31. Defendants were not, and are not, licensed or otherwise authorized to distribute, transmit, copy, reproduce, or display the Copyrighted Lithographic Poster.

32. Defendants have infringed Plaintiffs' copyright in the Copyrighted Lithographic Poster through the distribution, transmission, copying, reproduction, or public display of the Copyrighted Lithographic Poster on, among other places, Walmart.com, Art.com, AllPosters.com, and WorkspaceArt.com.

33. On information and belief, the infringement of Plaintiffs' copyright by Defendants was willful. Defendants were aware that Plaintiffs held rights in the Copyrighted Lithographic Poster based on, among other things, the copyright notice on the Copyrighted Lithographic Poster. Defendants' continued distribution, transmission, copying, reproduction, public display, and use of the Copyrighted Lithographic Poster, and Defendants' refusal to cease distribution and display of the Copyrighted Lithographic Poster, evidence Defendants' willful infringement. At a minimum, Defendants' actions were reckless.

34. Plaintiffs have been damaged by the willful infringement of Defendants in a sum to be determined.

35. On information and belief, Defendants can and may continue their infringing activities unless restrained and enjoined. Plaintiffs' remedy at law is not by itself adequate.

## COUNT TWO

**(Contributory and/or Vicarious Copyright Infringement, 17 U.S.C. § 501 *et seq.*)**

36. Paragraphs 1 through 35 are incorporated by reference.

37. The Copyrighted Lithographic Poster is an original pictorial or graphic work and constitutes copyrightable subject matter under 17 U.S.C. §§ 101 and 102.

38. Defendants were not, and are not, licensed or otherwise authorized to distribute, transmit, reproduce, copy, or display the Copyrighted Lithographic Poster.

39. On information and belief, Defendants marketed and sold the Copyrighted Lithographic Poster to individuals and entities knowing and intending that the individuals or entities would use, reproduce, distribute, or publicly display the Copyrighted Lithographic Poster. For example, the Art.com websites include a dedicated division, "Workspace Art for Business Buyers," and Defendants operate WorkspaceArt.com, both of which showcase Defendants' products being displayed in public settings.

40. On information and belief, Defendants' customers, such as these "Business Buyers," infringed Plaintiffs' rights in the Copyrighted Lithographic Poster by publicly displaying, using, reproducing, or distributing unauthorized versions of the Copyrighted Lithographic Poster without Plaintiffs' permission or authorization.

41. On information and belief, Defendants knew that their customers would continue to use, display, reproduce, or distribute the Copyrighted Lithographic Poster.

42. On information and belief, Defendants encouraged and assisted their customers in their infringing acts by providing customers with access to and copies of the Copyrighted Lithographic Poster, with knowledge of the fact that Defendants had no rights to the Copyrighted Lithographic Poster.

8

43. On information and belief, Defendants could have prevented their customers from infringing Plaintiffs' copyright in the Copyrighted Lithographic Poster by, *inter alia*, removing the Copyrighted Lithographic Poster from their websites or archives, yet Defendants failed to do so.

44. Plaintiffs have been damaged by the vicarious and contributory infringement of Defendants in a sum to be determined.

45. Plaintiffs' remedy at law is not by itself adequate to compensate it for the harm inflicted by Defendants.

## **COUNT THREE**

### **(Digital Millennium Copyright Act, 17 U.S.C. § 1202)**

46. Paragraphs 1 through 45 are incorporated by reference in support of this claim for relief.

47. Plaintiffs printed certain copyright management information on the Copyrighted Lithographic Poster including, *inter alia*, identifying 1980 as the date of registration, identifying Vision Makers, and listing Vision Makers' contact information.

48. On information and belief, the version of the Copyrighted Lithographic Poster displayed on the Walmart/Art.com websites appears to contain Plaintiffs' printed copyright management information including, *inter alia*, identifying 1980 as the date of registration, Vision Makers, and Vision Makers' contact information. However, on information and belief, this information, which is located on the lower left corner of the Copyrighted Lithographic Poster, is illegible or indecipherable to the average website visitor.

49. In framing the Copyrighted Lithographic Poster on its websites, and otherwise presenting the Copyrighted Lithographic Poster for sale on these websites, Defendant lists only some of this copyright management information, such as identifying 1980 as the date of registration. Defendant has omitted other copyright management information, for example by failing to legibly identify

Vision Makers or any other Plaintiff as the entity holding the copyright.

50. In addition, Art.com superimposed watermarks on the Copyrighted Lithographic Poster, which correspond to Defendant's various websites. For example, on Art.com, an Art.com watermark is superimposed over the Copyrighted Lithographic Poster. On AllPosters.com, an AllPosters watermark is superimposed over the Copyrighted Lithographic Poster.

51. In making only some of the copyright management information from the Copyrighted Lithographic Poster legible on the Walmart/Art.com websites, and particularly by reproducing in legible form only select portions of that copyright management information in connection with the display of the Copyrighted Lithographic Poster, Defendants have: (a) intentionally altered or removed copyright management information, (b) distributed copyright management information knowing that certain information has been removed or altered without authority of the Plaintiffs or the law, and (c) distributed works or copies of works knowing that copyright management information has been removed or altered without authority of Plaintiffs or the law. Moreover, Defendants have done all of this knowing, or having a reasonable basis to know, that such actions would induce, enable, facilitate, or conceal infringement.

52. In addition, by including Defendants' own watermarks on the Copyrighted Lithographic Poster, Defendants have knowingly provided false copyright management information, and distributed false copyright management information, intending to induce, enable, facilitate, or conceal infringement.

53. Plaintiffs have been damaged by Defendants' removal and alteration of copyright management information, as well as Defendants' inclusion of false copyright management information, and distribution of the same, in a sum to be determined.

54. Plaintiffs' remedy at law is not by itself adequate to compensate it for the harm inflicted by

Defendants.

## COUNT FOUR

### (False Advertising and Unfair Competition, 15 U.S.C. § 1125)

55. Paragraphs 1 through 54 are incorporated by reference in support of this claim for relief.

56. Defendants were not, and are not, licensed or authorized to use the Vision Makers name in connection with the sale or licensing of its infringing versions of the Copyrighted Lithographic Poster.

57. On information and belief, Defendants' infringing version of the Copyrighted Lithographic Poster is of inferior quality because, *inter alia*, Defendants' version contains visible defects in the reproduction of the Subject Photograph.

58. By selling infringing, inferior versions of the Copyrighted Lithographic Poster that bear the Vision Makers name, Defendants made materially false or misleading representations of fact concerning the origin of the Copyrighted Lithographic Poster.

59. Defendants' sales of the infringing and inferior versions of the Copyrighted Lithographic Poster in commerce were and are likely to cause confusion or mistake as to the origin, association, or approval of the Copyrighted Lithographic Poster with Plaintiffs, or confusion or mistake as to the characteristics and quality of these goods.

60. Defendants' conduct injured the Plaintiffs by, *inter alia*, causing consumers to associate Plaintiffs and the Vision Makers name with inferior quality products.

61. Defendants' conduct is willful and deliberate.

62. Plaintiffs have been damaged by Defendants' false advertising, unfair competition, and passing off in a sum to be determined.

63. Plaintiffs' remedy at law is not by itself adequate to compensate it for the harm inflicted by

Defendants.

## **PRAYER FOR RELIEF**

WHEREAS, Plaintiffs pray for relief as follows:

A. For an entry of permanent injunctive relief enjoining and restraining Defendants and their officers, directors, agents, servants, employees, licensees and all other persons in privity or acting in concert with them from doing any of the following: distributing, transmitting, copying, publicly displaying, or creating derivative works of the Copyrighted Lithographic Poster;

B. For independent awards, at Plaintiffs' election, pursuant to 17 U.S.C. § 504, of either (1) the actual damages suffered by Plaintiffs with respect to past infringement, plus any additional profits of Defendants that are attributable to the infringement that are not taken into account in computing the actual damages; or (2) statutory damages as provided by § 504(c);

C. For a finding that the independent infringement by Defendants was willful, and for independent awards to Plaintiffs, at their election, of statutory damages against Defendants for willfully committing infringement as provided by 17 U.S.C. § 504;

D. For a finding that Defendants violated the Digital Millennium Copyright Act, and for an award to Plaintiffs, pursuant to 17 U.S.C. § 1203, of either (1) the actual damages suffered by Plaintiffs with respect to past violations, plus any additional profits to Defendants that are attributable to the violation that are not taken into account in computing actual damages; or (2) statutory damages for each violation as provided by§ 1203(c)(3);

E. For an order that Defendants account for all sales, revenues, costs and profits from their wrongful conduct and unauthorized use of Plaintiffs' Copyrighted Lithographic Poster, and that Defendants pay Plaintiffs damages in an amount to be proven at trial, but including Defendants' profits and actual damages suffered by Plaintiffs as a result of Defendants' wrongful acts;

F. For an award of Defendants' profits and Plaintiffs' damages pursuant to 15 U.S.C. § 1117;

G. For an award of Plaintiffs' attorneys' fees, expenses and costs, pursuant to 17 U.S.C. §§ 505 and 1203 and 15 U.S.C. § 1117;

H. For an award to Plaintiffs of pre-and post-judgment interest;

I.  For an award to Plaintiffs of such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to the claims in this action.

Dated: <u>December 10, 2020</u>          Respectfully submitted,

<u>/s/ Jeremy S. Spiegel</u>
Jeremy S. Spiegel, Esq. (Atty. ID 205859)
LAW OFFICE OF JEREMY SPIEGEL
One South Broad Street, Suite 1500
Philadelphia, PA 19107
Ph:    (215) 609-3154
Fax:   (215) 568-9319
Spiegel@JeremySpiegelLaw.com

# Exhibit A

ORIGINAL REGISTERED COPYRIGHTED & LEGALLY PROTECTED POSTER



# Exhibit B

# CERTIFICATE OF COPYRIGHT REGISTRATION

**FORM VA**
UNITED STATES COPYRIGHT OFFICE

This certificate, issued under the seal of the Copyright Office in accordance with the provisions of section 410(a) of title 17, United States Code, attests that copyright registration has been made for the work identified below. The information in this certificate has been made a part of the Copyright Office records.

*David L. Ladd*

**REGISTER OF COPYRIGHTS**
*United States of America*

| REGISTRATION NUMBER |
| --- |
| VA         63-797 |
| VA                    VAU |

| EFFECTIVE DATE OF REGISTRATION |
| --- |
| 8 DEC 1980 |
| (Month)      (Day)      (Year) |

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE CONTINUATION SHEET (FORM VA/CON)

---

**① Title**

TITLE OF THIS WORK:

ALIALIALIALIALIALI

NATURE OF THIS WORK: (See instructions)

Photographic/Graphic Poster

Previous or Alternative Titles:

PUBLICATION AS A CONTRIBUTION: (If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.)

Title of Collective Work: N/A ........................ Vol. .... No. .... Date................. Pages ...........

---

**② Author(s)**

IMPORTANT: Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). If any part of this work was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates blank.

**1**
NAME OF AUTHOR: Peter F. Rogers
Was this author's contribution to the work a "work made for hire"? Yes...... No X
DATES OF BIRTH AND DEATH: Born 1947 Died ......... (Year) (Year)

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of U.S. (Name of Country) } or { Domiciled in ................ (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous? Yes...... No X
Pseudonymous? Yes...... No X

AUTHOR OF: (Briefly describe nature of this author's contribution)
Co-Author of Photograph & Graphic Drawing

If the answer to either of these questions is "Yes," see detailed instructions attached.

**2**
NAME OF AUTHOR: Henry R. Haney
Was this author's contribution to the work a "work made for hire"? Yes...... No X
DATES OF BIRTH AND DEATH: Born 1944 Died ......... (Year) (Year)

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of U.S. (Name of Country) } or { Domiciled in ................ (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous? Yes...... No X
Pseudonymous? Yes...... No X

AUTHOR OF: (Briefly describe nature of this author's contribution)
Co-Author of Photograph & Graphic Drawing

If the answer to either of these questions is "Yes," see detailed instructions attached.

**3**
NAME OF AUTHOR:
Was this author's contribution to the work a "work made for hire"? Yes...... No......
DATES OF BIRTH AND DEATH: Born ......... Died ......... (Year) (Year)

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of ................ (Name of Country) } or { Domiciled in ................ (Name of Country)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous? Yes...... No......
Pseudonymous? Yes...... No......

AUTHOR OF: (Briefly describe nature of this author's contribution)

If the answer to either of these questions is "Yes," see detailed instructions attached.

---

**③ Creation and Publication**

YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED:

Year 1980

(This information must be given in all cases.)

DATE AND NATION OF FIRST PUBLICATION:

Date September 9, 1980
(Month) (Day) (Year)

Nation United States
(Name of Country)

(Complete this block ONLY if this work has been published.)

---

**④ Claimant(s)**

NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S):

Peter F. Rogers
5914-A Wayne Avenue
Philadelphia, PA. 19144

Henry R. Haney
2144 B South John Russell Circle
Elkins Park, PA. 19117

TRANSFER: (If the copyright claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.)

---

• Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• Follow detailed instructions attached     • Sign the form at line 8

| DO NOT WRITE HERE |
| --- |
| Page 1 of ..... pages |

| | EXAMINED BY: | APPLICATION RECEIVED: | | FOR COPYRIGHT OFFICE USE ONLY |
|---|---|---|---|---|
| | CHECKED BY: | 08 DEC 1980 | | |
| | CORRESPONDENCE: ☐ Yes | DEPOSIT RECEIVED: 8 DEC 1980   8 DEC 1980 | | |
| VA   63-797 | DEPOSIT ACCOUNT FUNDS USED: ☐ | REMITTANCE NUMBER AND DATE: 72-11 DEC 680 | | |

**DO NOT WRITE ABOVE THIS LINE.  IF YOU NEED ADDITIONAL SPACE, USE CONTINUATION SHEET (FORM VA/CON)**

---

**PREVIOUS REGISTRATION:**

- Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office? Yes........ No ..X...

- If your answer is "Yes," why is another registration being sought? (Check appropriate box)
  - ☐ This is the first published edition of a work previously registered in unpublished form.
  - ☐ This is the first application submitted by this author as copyright claimant.
  - ☐ This is a changed version of the work, as shown by line 6 of the application.

- If your answer is "Yes," give: Previous Registration Number............................ Year of Registration.........................

**⑤ Previous Registration**

---

**COMPILATION OR DERIVATIVE WORK:** (See instructions)

PREEXISTING MATERIAL: (Identify any preexisting work or works that this work is based on or incorporates.)
.................................................................................................................
.................................................................................................................
.................................................................................................................

MATERIAL ADDED TO THIS WORK: (Give a brief, general statement of the material that has been added to this work and in which copyright is claimed.)
.................................................................................................................
.................................................................................................................
.................................................................................................................

**⑥ Compilation or Derivative Work**

---

**DEPOSIT ACCOUNT:** (If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.)

Name: ...................................

Account Number: ...................................

**CORRESPONDENCE:** (Give name and address to which correspondence about this application should be sent.)

Name: ..Vision Makers, Inc.

Address: 2144 B South John Russell Circle
(Apt)

Elkins Park, PA.  19117
(City)          (State)          (ZIP)

**⑦ Fee and Correspondence**

---

**CERTIFICATION:** * I, the undersigned, hereby certify that I am the: (Check one)
☐ author ☐ other copyright claimant ☐ owner of exclusive right(s) ☐ authorized agent of ...........(Name of author or other copyright claimant, or owner of exclusive right(s))
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Handwritten signature: (X) Peter F. Rogers

Typed or printed name: ...Peter F. Rogers...........   Date: 11/25/80

**⑧ Certification (Application must be signed)**

---

| VISION MAKERS, INC. ........................... (Name) | **MAIL CERTIFICATE TO** |
|---|---|
| 2144 B South John Russell Circle ........... (Number, Street and Apartment Number) | |
| Elkins Park, PA. 19117 ........... (City)        (State)        (ZIP code) | (Certificate will be mailed in window envelope) |

**⑨ Address For Return of Certificate**

Jan. 1980—500,000

Exhibit C





# Exhibit D

**50% OFF ART PRINTS & FRAMED ART** * ENDS TODAY - Discount applied to eligible items. Expires 1/18/2019 | View Details



# AllPosters®



HOME // SUBJECTS // COLLECTIONS // BRIDGEMAN ART



**I Shall Return', Poster Listin**

‹       ›

---

## RELATED CATEGORIES

Bridgeman Art

Muhammad Ali

Famous Boxers

Other Collections

---

## ABOUT THE PRODUCT

## SHIPPING AND RETURNS

This giclee print offers beautiful color accuracy on a highquality paper gsm that is a great option for framing with its smooth acid free surface Giclee French for to spray is a printing process where millions of ink droplets are sprayed onto the papers surface creating natural color transitions

**$47.99**
Item #12124857

Not Available

eligible items. Expires 1/18/2019 | View

This giclee print offers beautiful color accuracy on a highquality paper gsm that is a great option for framing with its smooth acid free surface Giclee French for to spray is a printing process where millions of ink d... are sprayed onto the papers surface

NO ... RK WILL APPEAR ON THE ACTUAL PRODUCT

50% OFF Canvas and Wood Mount*
ENDS TODAY View Details

**Art.com**

Ex: 24 X 32, Picasso, Blue Abstract, Ki

Help    Live Chat    Favorites    Sign Up | Log In

Subjects    Artists    Framed Art    Canvas    Rooms    Décor    Best Sellers    All Art    Frame My Photos    For Business    Sale    My Art Style

## I Shall Return', Poster Listing the Victories of Muhammad Ali, 1980

| Print Size | 12" x 18" (9.8" x 14.9" No B... |
| Paper Type | Giclee Print |
| Frame Details | Wood Mount |
| Finished Size | 10" x 15" |

$103.99    Ships in 3-5 Days

**Not Available**

As low as $9/mo with Affirm

## About This Piece

### The Art

I Shall Return poster listing the victories of Muhammad Ali colour litho American School th century Private Collection Photo Christies Images Bridgeman Images

This collectible double-sided poster is heavier than your standard poster. The unique printing process creates a backside image that mirrors the front, producing a deep and life-like image.

Product ID: 28104510140A





## We're your custom frame shop

Every custom frame is hand-assembled in Lockbourne, Ohio by our framing experts using materials sourced from around the world. Your walls are waiting.



No watermark will appear on the actual product.

Ⓟ    🔍 Search for easy dinners, fashion, etc.                                    Sign up        Log in

**Visit**                    **Similar ideas**



# I Shall Return', Poster Listing the Victories of Muhammad Ali, 1980 Giclee Print by | Art.com

January 2019

Giclee Print: I Shall Return', Poster Listing the Victories of Muhammad Ali, 1980 :

Muhammad Ali    Victorious    Framed Artwork    Giclee Print

More information

Saved by                                    📌 1
**Art.com**

**People also love these ideas**

Privacy

# Exhibit E

🔒 **walmart.com**



※ Switch to Walmart app ✕

## I Shall Return', Poster Listing the Victories of Muhammad Ali, 1980 Print Wall Art

★ ★ ★ ★ ★   Write a review

REDUCED PRICE



1 of 4

## $18.99   List $67.99

**Out of stock**

**Size:** Choose an option



| 12" X 18" | 20" X 30" | 24" X 36" |

💬 Feedback

Qty:

1   ∨

**Get In-Stock Alert**

# Exhibit F

Google

ali "i shall return" allposters

All | Images | Shopping | News | Maps | More | Settings | Tools | Collections | SafeSearch

douglas macarthur | chicago bears | muhammad ali | michael jordan | walter payton | victories | mino | mosqu

Sponsored

Poster: Wake Up!, 36x24in.
$12.99
AllPosters.com

Poster: Art Print: Motivational Quot...
$16.99
AllPosters.com

Framed Poster: Vintage Beverage...
$39.95
AllPosters.com

Poster: Poster: Motivational Post...
$12.99
AllPosters.com
(5)

Music Quote Poster
$9.15
Zazzle

View all

Muhammad Ali, 1980 Pri...
walmart.com

Muhammad Ali, 1980' ...
allposters.com · Out of st...

Muhammad Ali, 1980 Print W...
walmart.com · Out of stock

Muhammad Ali, 1980 Print Wall Art ...
walmart.com · Out of stock

Muhammad Ali, 1980 Print Wall Art ...
walmart.com · Out of stock

Muhammad Ali, 1980 Print Wall Art ...
walmart.com · Out of stock

Muhammad Ali, 1980 Print Wall Art ...
walmart.com

1100 × 1100

Walmart

I Shall Return', Poster Listing the Victorie...

Images may be subject to copyright. **Learn More**

**Related images**

Mpho-Dipalesa Notrem (dipale...
pinterest.com

Posters - Chicago Bears Poster...
trainers4me.com

